TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6920
     Facsimile: (213) 894-0141
     E-mail:   keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-684-CAS-1 |
|---|---|
| Plaintiff, | AMENDED PLEA AGREEMENT FOR DEFENDANT LOUIE JOSEPH GARZA JR. |
| v. | |
| LOUIE JOSEPH GARZA JR., aka "Guy," | |
| Defendant. | |

     1.   This constitutes the plea agreement between LOUIE JOSEPH
GARZA JR. ("defendant") and the United States Attorney's Office for
the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authority.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to counts one and six

of the Indictment in <u>United States v. LOUIE JOSEPH GARZA JR.</u>, CR No. 16-684-CAS-1, which charge defendant with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii) and Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

2

c.   At the time of sentencing, move to dismiss the remaining counts of the Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   At the time of sentencing, move to dismiss the information filed against defendant on October 20, 2016, pursuant to Title 21, United States Code, Section 851.  Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed information in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

<u>NATURE OF THE OFFENSES</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one of the Indictment, that is, conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) there was an agreement between two or more persons to distribute and possess

with intent to distribute methamphetamine; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.  Defendant admits that defendant is, in fact, guilty of this offense as described in the Indictment.

5.  Defendant understands that for defendant to be guilty of the crime charged in count six of the Indictment, that is, possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), the following must be true: (1) defendant committed a drug trafficking crime, that is the crime of conspiracy to distribute and possess with intent to distribute methamphetamine as charged in count one of the Indictment; (2) defendant knowingly possessed a firearm; and (3) defendant possessed the firearm in furtherance of the crime of conspiracy to distribute and possess with intent to distribute methamphetamine as charged in count one of the Indictment.  Defendant admits that defendant is, in fact, guilty of this offense as described in the Indictment.

6.  Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute and possess with intent to distribute at least 50 grams or more of methamphetamine, and that the type and quantity of drugs fell within the scope of defendant's agreement or was reasonably foreseeable to defendant.  Defendant admits that defendant, in fact, conspired to distribute and possess with intent to distribute at least 50 grams or more of methamphetamine, and that the type and quantity of drugs fell within

the scope of defendant's agreement and was reasonably foreseeable to defendant.

<u>PENALTIES</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(viii), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) is: life imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $10,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(viii), is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

11.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 924(c), as charged in count six of the Indictment, is a five-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

12.   Defendant understands, therefore, that the total statutory mandatory minimum sentence that the Court must impose for all offenses to which defendant is pleading guilty is: 15 years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $200.

13.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

14.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

15.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant understands that once the court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

16.   Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

17.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing until on or about July 19, 2016, in Los Angeles County, within the Central District of California, defendant conspired with others to knowingly and intentionally possess with intent to distribute and distribute at least fifty grams of methamphetamine, a Schedule II controlled substance.  In furtherance of this conspiracy, defendant and co-defendants would possess methamphetamine with the intent to distribute and distribute methamphetamine to drug customers. Defendant would negotiate the sale of methamphetamine to drug customers.  Defendant and a co-defendant would supply methamphetamine to sell to drug customers.  Defendant and co-defendants would transport the methamphetamine to a pre-arranged meeting location. Defendant and a co-defendant would deliver methamphetamine to drug customers and collect payment for the delivered methamphetamine. Defendant thus joined in an agreement with co-defendants to distribute and to possess with the intent to distribute methamphetamine knowing of its purpose and intending to help accomplish that purpose.

Specifically, on March 24, 2016, defendant agreed to sell one ounce of methamphetamine for $350 to an individual whom defendant believed to be a drug customer but who was, in fact, a confidential informant ("CI") working with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  On March 29, 2016, defendant agreed to sell one ounce of methamphetamine for $350 to an individual whom defendant believed to be the CI's friend but who was, in fact, an undercover agent with the ATF (the "UC").

On March 31, 2016, using coded language in a telephone conversation, defendant agreed to meet the CI and UC later that day at a residence on N. Eastern Avenue in Los Angeles, California, to sell the UC one ounce of methamphetamine for $350.  Later that day, defendant and an unknown individual met the UC and CI in Los Angeles, California.  Defendant entered the UC's vehicle and sat down in the front passenger seat; defendant removed a plastic bag containing approximately 54.6 grams of pure methamphetamine from his pocket and showed it to the UC and CI.  The UC agreed to purchase two ounces of methamphetamine, instead of the previously agreed-on one ounce purchase, for $600.  Defendant handed the plastic bag to the CI, and the CI then paid defendant $600 for the methamphetamine.

On April 6, 2016, using coded language in a telephone conversation, defendant agreed to sell four ounces of methamphetamine to the UC for $1000.  On April 7, 2016, defendant instructed a co-defendant to deliver four ounces of methamphetamine to the UC in exchange for $1,000.  In a telephone conversation, defendant told the UC that he sent someone else to deliver the methamphetamine to the UC; a co-defendant then approached the UC's vehicle at the pre-arranged meeting location in Los Angeles, California, and sat down in the front passenger seat.  Once inside the UC's vehicle, the co-defendant handed the UC a bag containing approximately 108.6 grams of pure methamphetamine in exchange for $1,000.

On April 29, 2016, using coded language in telephone conversations and text messages, defendant agreed to sell methamphetamine and a firearm to the UC.  Defendant and the UC later met at a park in Los Angeles, California, where defendant approached the UC's vehicle and confirmed that he had four ounces of

methamphetamine and a firearm to sell the UC.  Using coded language, defendant asked the UC for payment for the methamphetamine and firearm, and after the UC told defendant that he wanted to see the methamphetamine and firearm first, defendant walked toward two unknown individuals sitting on bleachers in the park; one of the unknown individuals gave defendant a plastic bag, and defendant returned to the UC's vehicle with the black plastic bag; and defendant placed the bag in the UC's vehicle.  This bag contained: (a) approximately 108.7 grams of pure methamphetamine; (b) a Hi-Point, model JH, .45 caliber pistol, bearing serial number 330786; and (c) seven rounds of Winchester .45 caliber ammunition.  The UC gave defendant $1,700 in exchange for these items.

On July 14, 2016, defendant was staying in a hotel room in Alhambra, California.  Beginning on that date, and continuing until July 19, 2016, defendant used the hotel room to possess with the intent to distribute and distribute methamphetamine to drug customers.  While staying in the hotel room, defendant possessed approximately 2,372 grams of pure methamphetamine, which was divided into multiple individually wrapped packages and/or plastic bags containing varying amounts of methamphetamine, with the intent to distribute the methamphetamine to drug customers.  In the hotel room, defendant possessed a Colt, Government Model 1911, .45 caliber pistol, bearing serial number NEV752 and 14 rounds of Winchester .40 caliber ammunition.  Defendant possessed the firearm and ammunition in furtherance of defendant's conspiracy to distribute and possess with intent to distribute methamphetamine.

1                          SENTENCING FACTORS

2      18.  Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate between the mandatory minimum and the maximum set by

13  statute for the crimes of conviction.

14     19.  Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

16   Base Offense Level:            36        U.S.S.G. § 2D1.1(a)(5)

17

18  Defendant and the USAO reserve the right to argue that additional

19  specific offense characteristics, adjustments, and departures under

20  the Sentencing Guidelines are appropriate.  Defendant understands

21  that defendant's offense level could be increased if defendant is a

22  career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's

23  offense level is so altered, defendant and the USAO will not be bound

24  by the agreement to Sentencing Guideline factors set forth above.

25  Defendant understands that the Court must sentence defendant to a

26  term of five years' imprisonment on count six, which must run

27  consecutive to any term of imprisonment imposed for count one.

28

                                  11

20.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

22.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

12

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

23.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.  Defendant agrees that, before imposition of the mandatory five-year consecutive sentence on count six, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court:

13

the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25.  The USAO agrees that, before imposition of the mandatory five-year consecutive sentence on count six, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

26.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

28.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

29.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

30.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

31.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

16

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

32.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may

be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          36.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney
9

10                                              9/2/2021
11   KEITH D. ELLISON                           Date
     Assistant United States Attorney
12                                              9-2·21
13   LOUIE JOSEPH GARZA JR.                      Date
     Defendant,
14
                                                9-2-2021
15   STEPHANIE AMES                             Date
     Attorney for Defendant
16   LOUIE JOSEPH GARZA JR.

17

18

19

20

21

22

23

24

25

26

27

28

                                   19

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

LOUIE JOSEPH GARZA JR.
Defendant

9·2·21
Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LOUIE JOSEPH GARZA JR.'s attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          9-2-2021
STEPHANIE AMES                             Date
Attorney for Defendant
LOUIE JOSEPH GARZA JR.

21